IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP TOLER,
      Plaintiff,

vs.                                             3:09cv523/MCR/MD

WARDEN HALLEY, et al.
      Defendants.

## O R D E R

This cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983. From a review of this complaint, it is evident that the facts as presented fail to support a viable claim for the relief requested under section 1983. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff was incarcerated at Century Correctional Institution ("CCI") at the time the events giving rise to this complaint took place. Named as defendants in this action are Warden Charles Halley, Deputy Warden Scott Payne, C.O. Pam Brown, Regional Director Sherri Cason, Captain Craig Carter and Armack Incorporated. Plaintiff alleges that defendants have created unsafe, inhumane, unsanitary and hazardous conditions of confinement, negligently have allowed staff to retaliate against the plaintiff for accessing the courts, and placed him in conditions that led to injury in violation of his first, fourth, fifth, sixth, eighth, and fourteenth amendment rights. Plaintiff seeks compensatory and punitive damages against the defendants in their individual and official capacities, attorneys fees and costs, equitable and injunctive relief as well as any other relief the court deems proper.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution of the United States.

*West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988) (citations omitted); *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West*).

Plaintiff claims that he was moved from a job in the prison library to a less desirable position in the kitchen in retaliation for filing post conviction petitions and for "first amendment activity." Although plaintiff was previously advised of the legal standards governing a claim for retaliation, he has failed to provide the required specificity about the allegedly retaliatory nature of his job transfer. He has not alleged, for instance, that the defendants involved in the decision-making process were aware of his protected activities, claiming only vaguely that his first amendment activity "was a significant factor in defendant's removal of plaintiff from the library." (Doc. 24 at 6, ¶ 11).

Plaintiff describes the prison kitchen as an area with hazardous, torturous and inhumane conditions, where widespread health hazards routinely occurred, and which was extremely heated, improperly ventilated, contaminated and hazardous. (Doc. 24 at 5A, ¶¶ 4-6, 7). He also asserts that conditions at Century Correctional Institution generally included "widespread medical abuses, widespread inhumane conditions, widespread hazrdous conditions [and] widespread deaths of inmates." (*Id.* at ¶ 7). These conditions were particularly hazardous to him due to his history of heart complications, medical ailments and disabilities. (Doc. 24 at 6, ¶ 14). He claims that his fall on October 9, 2009 was brought about by heat stroke and seizure complications which were the result of the hazardous conditions in the kitchen. (Doc. 24 at 5A, ¶ 6). Although plaintiff alludes to improper medical care being provided at CCI, it does not appear that he personally is claiming he received inadequate medical treatment after his fall. If that is not the case, he should clarify this issue in his second amended complaint. It is also unclear whether plaintiff provides the information about the kitchen conditions as "background" or he

intends to make the allegedly unsafe and unconstitutional conditions part of his core claim in this case.

In his claim for relief, plaintiff asserts that the acts described in the complaint violated the Florida State Constitution as well as state and federal statutory rights, without specifying any particular provisions of either. Defendants could not be expected to defend against such broad allegations, and plaintiff must specify the nature of the claimed violations, citing the statutory or constitutional provisions that he asserts have been violated.

He also alleges the existence of a conspiracy. However, civil rights actions a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. *Fullman v. Graddick,* 739 F.2d 553, 556-557 (11th Cir. 1984); *see also Amnesty International, USA v. Battle,* 559 F.3d 1170 (11th Cir. 2009)*; Epps v. Watson*, 492 F.3d 1240, 1243 (11th Cir. 2007); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003); *Arnold v. Board of Education of Escambia County, Alabama*, 880 F.2d 305, 309 n.2 (11th Cir. 1989). The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must show that the defendants reached an agreement or understanding to commit the acts. *Hadley v. Gutierrez*, 526 F.3d 1324 (11th Cir. 2008) (citing *Bendiburg v. Dempsey,* 909 F.2d 463, 469 (11th Cir. 1990); *Addickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970); *see also Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988); *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984). Further, sufficient factual information must be presented so that there is an adequate basis for believing that the conspiracy existed. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Since plaintiff provides no background of material facts with which to support his allegation of a general conspiracy against him, this allegation as stated is not actionable.

To the extent plaintiff seeks monetary relief from the defendants in their official capacities, he is again reminded that the defendants are entitled to Eleventh Amendment immunity. A plaintiff may not bring a § 1983 action for monetary damages against the state

or state officials in their official capacities. *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004).[1] A suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 (1989). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *See Federal Maritime Commission v. South Carolina State Ports Authority,* 535 U.S. 743, 122 S.Ct. 1864, 1877-78, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Department of Heath and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986).

Plaintiff also requests attorneys fees as part of his award in this case. Pro se litigants are not entitled to recover such fees. Because plaintiff is not represented by counsel, an award of attorneys fees would not be appropriate, regardless of whether he ultimately prevails in this action.

Finally, as plaintiff was previously advised, *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007); *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995). Some of his allegations appear to be based on a theory of supervisory liability, although the named defendants may not have had a direct role in or knowledge of the alleged constitutional violations. For instance, plaintiff names Aramark Incorporated as a defendant in this action although there are no specific allegations against this defendant. There are, however, allegations of actions or omissions taken by Aramark employees. Plaintiff should refer to the court's previous order for additional guidance in this respect.

---

[1] State officials in their official capacities are not immune from claims for prospective declaratory or injunctive relief. *Powell v. Barrett*, 496 F.3d 1288, 1308 & n. 27 (11th Cir. 2007); *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004) (citing *Will*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2312 n. 10 105 L.Ed.2d 45 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985)); *Ex parte Young*, 209 U.S. 123, 159-60, 28 S.Ct. 441, 453-54, 52 L.Ed. 714 (1908); see *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir.1995); *Stevens v. Gay*, 864 F.2d 113, 114-15 (11th Cir.1989)).

*Case No: 3:09cv523/MCR/MD*

In amending, plaintiff should carefully review the foregoing as well as the court's previous order to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those individuals who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, plaintiff should clearly describe <u>how each named defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. It is essential that the facts relating to each defendant be set out clearly and in detail because in civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1366 (11th Cir. 1998); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). If plaintiff cannot state exactly how a particular defendant harmed him, or that defendant's actions did not rise to the level of a § 1983 violation, he should delete or drop that person as a defendant from his complaint. In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, having provided support in the statement of facts for the claimed violations. Plaintiff is advised that the second amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the second amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and, although administrative exhaustion is a mandatory prerequisite for suit, he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are

necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number and the words "Second Amended Complaint" should be written on the form.

2. The plaintiff shall have **twenty-eight (28) days** in which to file a second amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Failure to submit a second amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 21st day of May, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**