IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP TOLER,
        Plaintiff,

vs.                          3:09cv523/MCR/MD

WARDEN HALLEY, et al.
        Defendants.

---

## O R D E R

This cause is before the court upon plaintiff's third amended civil rights complaint filed pursuant to Title 42 U.S.C. §1983. From a review of this complaint, it is evident that there remain several matters that must be addressed before the court can determine whether service of the complaint is appropriate.

Rule 8 of the Federal Rules of Civil Procedure require that the plaintiff set forth a short and plain statement of the claim showing that he is entitled to relief. Prisoner plaintiffs allege more than vague and conclusory allegations in support of their claims, and must provide sufficient detail from which each defendant can glean the claims being asserted against him or her. They should also avoid including too much extraneous detail. Only matters that are closely related to the plaintiff's core claims should be included in the complaint. While plaintiff ultimately may be able to state a constitutional claim against one or more defendants, as presented, much of plaintiff's claim is vague or conclusory and thus subject to dismissal. In light of the deference afforded pro se litigants, plaintiff will be given a final opportunity to amend his complaint.

Plaintiff alleges that he has a pre-existing medical (heart) condition. He alleges, essentially, that he has received improper medical treatment or improper work assignments in light of this condition. He claims that he was assigned to the prison kitchen, an

unsuitable working environment for him, after family members called the prison to complain about his condition. As defendants he names Warden Charles Halley, Deputy Warden Scott Payne, C.O. Pam Brown, Regional Director Sherri Cason, Captain Craig Carter, Armack Incorporated employee Mrs. Bivens, Nurse Parker and Classification Officer Washington. He claims that the defendants violated his First, Fourth, Eighth and Fourteenth Amendment rights, although he fails to specify in the statement of claims which defendants are alleged to have violated which rights, and he offers no explanation of the basis for his newly asserted Fourth amendment claim.

In addition, plaintiff's allegations of retaliation and conspiracy are unsupported. Plaintiff should also be aware that in civil rights actions a complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. *Fullman v. Graddick,* 739 F.2d 553, 556-557 (11th Cir. 1984); *see also Amnesty International, USA v. Battle,* 559 F.3d 1170 (11th Cir. 2009)*; Epps v. Watson*, 492 F.3d 1240, 1243 (11th Cir. 2007); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003); *Arnold v. Board of Education of Escambia County, Alabama*, 880 F.2d 305, 309 n.2 (11th Cir. 1989). The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must show that the defendants reached an agreement or understanding to commit the acts. *Hadley v. Gutierrez*, 526 F.3d 1324 (11th Cir. 2008) (citing *Bendiburg v. Dempsey,* 909 F.2d 463, 469 (11th Cir. 1990); *Addickes v. S.H. Kress* & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970); *see also Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992); *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988); *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984). Further, sufficient factual information must be presented so that there is an adequate basis for believing that the conspiracy existed. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Plaintiff provides no background of material facts with which to support his allegation of a general conspiracy against him involving all of the named defendants. Furthermore, his assertion in paragraph one of the statement of facts, that the defendants are involved in "illegal agreements, improper relationships, criminal activity, for reasons related to their own financial, personal, political interests..." are unsupported and appear unrelated to the incidents of which he complains.

It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his First Amendment rights, such as filing a grievance concerning the conditions of his imprisonment. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (citing *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006)); *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.1997); *Wright v. Newsome*, 795 F.2d 964 968 (11th Cir. 1986); *Adams v. James*, 784 F.2d 1077, 1080 (11th Cir. 1986). Retaliation against an inmate for exercising a constitutional right may be a constitutional violation even if no separate and additional constitutional violation ensues. *Farrow,* 320 F.3d at 1248; see also *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989) (the retaliatory penalty need not rise to the level of a separate constitutional violation to state a claim); *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (an inmate may still present a First Amendment retaliation claim even though complaint alleges facts "that might not otherwise be offensive to the Constitution," such as a search or the confiscation and destruction of nonlegal materials); *Wilson v. Silcox*, 152 F.Supp.2d 1345, 1351 (N.D. Fla. 2001)(citing cases); *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) (retaliation based on a prisoner's exercise of his First Amendment rights violates the constitution). This is because "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising" his constitutional right to free speech, redress of grievances, or similar activity. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (quoting *Thomas,* 880 F.2d at 1242). Viable claims of retaliation must allege that the individual who allegedly engaged in retaliatory behavior knew of the plaintiff's protected first amendment activity. Plaintiff has made this allegation with respect to some, but not all of the defendants.

Plaintiff now names Nurse Parker as a defendant in this action. Nurse Parker allegedly refused to give plaintiff medical treatment after a single incident of him passing out in the recreation yard. This allegation is insufficient to support an Eighth Amendment

claim.[1]  A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999).  "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Plaintiff's bare-bones assertion contains insufficient factual basis to establish the existence of a serious medical need or deliberate indifference to that need. *See, e.g., Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000).

The roles of several of the other defendants are very limited or unclear.  For instance, Ms. Bivens, also named for the first time in this complaint, responded to plaintiff's complaint about his kitchen assignment by telling him that she had been ordered to keep him in the kitchen and that his failure to comply would result in his placement in confinement.  Complaints to defendant Carter about the placement also were unavailing.  In addition, although Brown and Washington were not high ranking officials, they are identified as having approved plaintiff's kitchen placement, and having been among the defendants responsible for supervising and maintaining conditions that were not in accordance with DOC policy.

In amending, plaintiff should carefully review the foregoing as well as the court's previous orders for guidance in presenting his claim.  If plaintiff chooses to file a fourth amended complaint, he must completely fill out a new civil rights complaint form.  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those individuals whose actions rise to the level of constitutional violations.  (Individuals may be mentioned in the complaint but not named as defendants

---

[1]Defendant Parker was also included within paragraph 10 of the statement of facts, in which she is lumped with several other defendants who are alleged to have supervised and maintained conditions that were contrary to various DOC policies and/or procedures.  There is no factual basis to suggest that Nurse Parker was responsible for conditions of which plaintiff complains.

if limited background information for plaintiff's allegations is necessary.)    As before, plaintiff must place each defendant's name in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.    Any individuals not identified in this way will not be considered to be defendants in this case.  In the statement of facts, plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.    In the section entitled "Statement of Claim," plaintiff must state what rights he contends have been violated, having provided support in the statement of facts for the claimed violations, and identifying which defendant or defendants are alleged to have committed which violations.  Plaintiff is reminded that the fourth amended complaint must contain all of his allegations because once an amended complaint is filed, matters not raised therein are deemed abandoned. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the fourth amended complaint with an original signature with the Court and keep an identical copy for himself.  If the court determines that service is appropriate, he will be asked to provide sufficient identical copies for service upon each of the named defendants.  However, he should not submit service copies until directed to do so.

Accordingly, it is ORDERED:

1.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C.  §1983.  This case number and the words "Fourth Amended Complaint" should be written on the form.

2.  The plaintiff shall have **twenty-eight (28) days** in which to file a fourth amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3.  Failure to submit a fourth amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 16th day of November, 2010.

/s/ *Miles Davis*

**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**